UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------
LARONE HOLLOMAN

Plaintiff,

-against-

**CV 12 - 3969**

THE CITY OF NEW YORK,
DET. WHITE,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1 'through' 10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

Defendant(s)
--------------------------------------------------------------

CASE No.: **2012 AUG -9  PM 2: 45**

FILED
CLERK

U.S. DISTRICT COURT
EASTERN D OF NEW YORK

COMPLAINT **ORIGINAL**

PLAINTIFF(S) DEMAND
TRIAL BY JURY

JOHNSON. J

POHORELSKY, M.J.

Plaintiff, LARONE HOLLOMAN, by his attorney, Paul Hale Esq., complaining of the

defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred

to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under

    color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights,

    privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

    Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and

    § 1985], [and arising under the law and statutes of the State of New York].

2.  This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.  Plaintiff LARONE HOLLOMAN resides in New York and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On 10/23/2011 at approximately 7:30 pm plaintiff was on Sheffield Street between Sutter Ave. and Belmont Ave.

10. At the above time and place plaintiff had accidently locked his keys in his car.

11. Plaintiff and a few of his friends were trying to get into his car with a coat hanger.

12. Two uniformed officers approached and aided plaintiff and his friends by using their flashlights.

13. The officers tried to help for five to ten minutes then stepped back and started to smoke cigars and watched plaintiff and his friends. These interactions were polite and helpful.

14. At some point a third officer walked up to the other two officers smoking the cigars. Upon information and belief this officer was their superior.

15. Once the third officer arrived all congeniality between the officers and plaintiff ended.

16. All three officers began to ask for plaintiff's ID. Which he provided.

17. At some point, the three officers placed plaintiff under arrest and placed him in the back of a patrol car.

18. Plaintiff was transported to the 75th Precinct.

19. At the precinct plaintiff was fully strip searched by the "superior" officer.

20. This strip search was done in front of other prisoners in the holding cell.

21. Plaintiff was then released after approximately 5 hours in custody.

22. Outside the precinct plaintiff was issued a summons for disorderly conduct.

23. The summons was dismissed.

24. At no time was any contraband found during the arrest, his search incident to his arrest, or during an unauthorized strip search.

25. Plaintiff did not plea to any crimes or violations for any of the above incidents.

26. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

27. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

28. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

29. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

30. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

31. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

32. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

34. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

35. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

36. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

37. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

38. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

39. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

40. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

42. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the

following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

    F. Denied equal protection under the law.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

44. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I.    On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

7/31/2012
Brooklyn, New York

                Respectfully Submitted

By:     Paul Hale, Esq
26 Court St. Ste ~~1901~~ 9/3
Brooklyn, NY 11242
(718) 554-7344